IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Murray, on behalf of all mankind, | C.A. #0:09-451-PMD-PJG |
| Plaintiff, | |
| vs. | **ORDER** |
| Dr. Meenakski Singhi, et al, | |
| Defendants. | |

The above-captioned case is before this court upon the magistrate judge's recommendation that the case be dismissed as to Defendants All Does known as the Treatment Team of Patrick B. Harris Hospital; All Doe known as member of any Treatment Team Worldwide; All Doe known as Dentist, Dermatologist; All Doe known as Public Defenders Worldwide; All Doe known as LabCorp; All Doe who cut out smoking; and All Doe in the legal system. Because plaintiff is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate judge, it is hereby **ordered** that Defendants, All Does known as the Treatment Team of Patrick B. Harris Hospital; All Doe known as member of any Treatment Team Worldwide; All Doe known as Dentist, Dermatologist; All Doe known as Public Defenders Worldwide; All Doe known as LabCorp; All Doe who cut out smoking; and All Doe in the legal system be summarily **dismissed** as a parties in this case without issuance and service of process. The remaining defendants shall be served and should only respond to those allegations and claims for relief in the Complaint relating solely to plaintiff himself.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

August 7, 2009

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.